**NOT FOR PUBLICATION**

APR 15 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DONNA L. RUBIN, | No. 14-15135 |
| Plaintiff - Appellant, | D.C. No. 5:13-cv-00297-EJD |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District
Court for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted February 12, 2016**
San Francisco, California

Before: NOONAN and MURGUIA, Circuit Judges, and MURPHY, District
Judge.***

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*      The Honorable Stephen Joseph Murphy III, District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

Donna Rubin appeals the district court's decision affirming the Commissioner of Social Security's denial of disability benefits. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Rubin argues that the Administrative Law Judge's adverse credibility determination was not supported by specific, clear and convincing reasons. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). During her hearing with the ALJ, Rubin testified that from roughly 1998 through the present day, she suffered from chronic debilitating knee pain and swelling. The ALJ found that her testimony regarding the severity of her condition was not credible. The ALJ's reasoning is supported by the record. In evaluating a claimant's credibility, the ALJ may consider "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). And an ALJ may infer that the claimant's "pain was not as all-disabling as [s]he reported in light of the fact that [s]he did not seek an aggressive treatment program and did not seek an alternative or more-tailored treatment program" after other treatments failed. *Id.*; *see also Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). Here, Rubin failed to seek any aggressive or specifically tailored treatment from January 2000 through the end of the insured period. As the ALJ pointed out, the only evidence of any treatment during that period

2

was that she took over-the-counter pain medications. Rubin's conservative treatment supports the ALJ's determination that her subjective pain allegations were less than fully credible.

Rubin next argues that the ALJ improperly discounted Dr. Gable's medical opinion. To be eligible for benefits, Rubin had to prove that she was disabled as of December 2003, the last date that she was insured. *See Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1458 (9th Cir. 1995). Because Dr. Gable's opinion does not make any statement about her limitations during the applicable period, the ALJ properly discounted the opinion. Furthermore, the regulations permit an ALJ to consider the "length of the treatment relationship," "frequency of examination," and "specialization" of the physician when evaluating medical opinion evidence. 20 C.F.R. § 404.1527(c). Dr. Gable's opinion was based on a single visit with Rubin. And Dr. Gable is an internist, not an orthopedist.

Finally, Rubin argues that the ALJ's determination that she could do sedentary work was not supported by substantial evidence. Rubin had surgery on her knees in 1999. At her post-surgery checkup, the doctor noted that she was "healing nicely without evidence of infection," and that she should attend physical therapy and take anti-inflammatory medications. Her post-operative test results were normal and subsequent examinations did not indicate any functional limitations. A physician also

noted that Rubin could treat any arthritic flare-ups with anti-inflammatory medication. Other than her testimony, which the ALJ found not credible, Rubin provided no evidence supporting her claim that her knee condition restricts her ability to sit for long periods of time; this is consistent with the ALJ's assessment of Rubin's residual functional capacity. *See* 20 C.F.R. § 404.1567 (defining "sedentary" work as involving mostly sitting).

Rubin does not dispute that, if there was substantial evidence that Rubin could perform the full range of sedentary work, she could perform her past relevant work. Accordingly, the Court does not need to address whether the government proved that alternative work exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(v).

The district court's opinion is AFFIRMED.